**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jerome Anthony Thomas, III, | Case No. 26-cv-1867 (KMM/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Clay County Correctional Facility, | |
| Respondent. | |

Petitioner Jerome Anthony Thomas, III, is currently being prosecuted in state court on one count of participating in a drive-by shooting. *See State of Minnesota v. Thomas*, No. 14-cr-25-3608 (Minn. Dist. Ct.). Thomas has filed a petition for a writ of habeas corpus challenging the prosecution for lack of probable cause and because, according to Thomas, the state violated his speedy trial rights by taking over a year after the event at issue to initiate the prosecution.

Because Thomas is not in custody pursuant to a state-court judgment, his habeas petition is not brought under 28 U.S.C. § 2254, but the habeas petition is nevertheless subject to the Rules Governing Section 2254 Cases in the United States District Courts. *See* Rule 1(b), Rules Governing Section 2254 Cases. Rule 4 of those Rules requires the Court to conduct a preliminary review of the habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because it is clear that Thomas is not entitled to habeas relief, it is recommended that his habeas petition be denied and that this case be dismissed.

Although the statute authorizing federal district courts to issue writs of habeas corpus, 28 U.S.C. § 2241, does not itself require that a habeas petitioner first exhaust alternative remedies available in state court, "federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241." *Olson v. Washington County*, No. 12-cv-2807, 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) (collecting cases). "State courts, like federal courts, are empowered to vindicate the federal constitutional rights of criminal defendants, and nearly always, defendants proceeding in state court must afford the state courts an opportunity to adjudicate any claims of federal constitutional violations before presenting those claims to a federal court." *Palmer v. State of Minnesota*, No. 2025 WL 1426815, at *1 (D. Minn. Apr. 16, 2025).  "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974). "This requirement of fair-presentment of claims generally requires appellate exhaustion of those claims, which in turn requires that judgment be entered in the state-court prosecution—meaning, ultimately, that state pretrial detainees usually cannot seek federal habeas relief until after they have been convicted (or, put another way, until after they have ceased being pretrial detainees)." *Abdikarim v. State*, No. 24-cv-2013, 2024 WL 3557772, at *2 (D. Minn. June 17, 2024).

The probable-cause claim raised in Thomas's habeas petition not an exception to this usual exhaustion requirement. Thomas can argue before the state trial court that the prosecution is founded on insufficient evidence. If the state trial court rejects that

argument and Thomas is found guilty, then Thomas may seek appellate review of his claim in the Minnesota appellate courts. Not until after that process has been completed may Thomas, if necessary, procure federal habeas relief on a claim that the evidence was too scanty to support a prosecution.

Thomas's speedy-trial claim, however, is different. A claim that one should be brought to trial immediately cannot be vindicated after the trial has eventually been completed; by then it will be too late for the federal court to effect meaningful relief. Courts therefore have long recognized that speedy-trial claims are an exception to the requirement that pre-trial detainees wait until after the post-judgment appellate process is completed before seeking federal habeas relief. *See, e.g.*, *Smith v. Gordon*, No. 24-cv-2714, 2024 WL 4444731, at *3 (D. Minn. Oct. 8, 2024).

There are nevertheless two problems with Thomas's speedy-trial claim. First, the exception to the exhaustion requirement applies to speedy-trial claims only insofar as the petitioner seeks to be brought to trial quicker. *See, e.g.*, *Swenson v. Wohlman*, No. 21-cv-0456, 2021 WL 2228460, at *2 (D. Minn. May 12, 2021) (collecting cases). When a petitioner argues that the violation of his speedy-trial rights necessitates dismissal of the criminal charges, that claim must be exhausted in the usual matter prior to the petitioner seeking federal habeas relief. *See id.* Thomas does not want to be brought to trial sooner; rather, he seeks for the prosecution against him to be dropped entirely. *See* Petition at 7 (Dkt No. 1). If the federal constitution requires such a result, then Thomas can be vindicated on that claim after the criminal proceedings have concluded.

Second, Thomas seeks to establish a violation of his speedy-trial rights by arguing that too much time elapsed between the date of the alleged offense and today. But the

date of the offense is not the relevant start date for determining whether Thomas's federal constitutional right to a speedy trial has been violated. Instead, the relevant date is that on which Thomas was arrested or indicted. *See, e.g.*, *United States v. Meyer*, 906 F.2d 1247, 1251 (8th Cir. 1990). Pre-indictment delay does not trigger constitutional speedy-trial concerns. *See United States v. Broussard*, No. 19-cr-0101, 2021 WL 4191435, at *8 (D. Minn. Sept. 15, 2021). The prosecution against Thomas was initiated against him in October 2025—not very long ago, in constitutional speedy-trial terms. Although there is no bright-line rule regarding when delay prior to trial might trigger speedy-trial concerns, "[f]ive months is not a presumptively prejudicial delay." *United States v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003). The prosecution against Thomas has not been going on for long enough for Thomas to be able to present a plausible claim of speedy-trial violations.

Accordingly, Thomas's habeas petition should be denied and this matter dismissed. Only two further matters merit brief comment. First, because it is recommended that the habeas petition be summarily denied, it is further recommended that Thomas's pending application to proceed *in forma pauperis* be denied as well. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner is granted a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *see also Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009); (holding that state-pretrial detainees must procure a COA to appeal a final habeas order). This Court does not believe that "jurists of reason would find it debatable whether the district court

4

was correct" if this matter were to be dismissed on the grounds recommended above. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore recommends that Thomas not be granted a COA.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, THE COURT HEREBY RECOMMENDS:

1.  The petition for a writ of habeas corpus of petitioner Jerome Anthony Thomas, III (Dkt No. 1) be DENIED.

2.  This case be DISMISSED.

3.  Thomas's application to proceed *in forma pauperis* (Dkt No. 2) be DENIED.

4.  No certificate of appealability be issued.

Dated: March 17, 2026                   ___s/ David T. Schultz_____
                                        DAVID T. SCHULTZ
                                        United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).